IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LGB1, LLC,

      Plaintiff,                           CIVIL ACTION NO.  2:22-cv-903

v.

TOWNSHIP OF STOWE and TOWNSHIP
OF STOWE ZONING HEARING BOARD,

      Defendants.

## COMPLAINT

Plaintiff, LGB1, LLC, by and through its counsel, Thomas H. Ayoob III & Associates, LLC, Thomas H. Ayoob, III, Esquire, and Matthew Junker, Esquire, files this Complaint, alleging the following in support:

### I.    PRELIMINARY STATEMENT

1. This civils rights action is brought on behalf of a property owner that rents its property to a non-profit that provides community residential housing to people with disabilities. Defendants, Township of Stowe (the "Township") and Township of Stowe Zoning Hearing Board (the "Zoning Board"), in violation of the United States Constitution and federal law, have discriminated against and continues to discriminate against Plaintiff by creating and using an ordinance to impermissibly prohibit Plaintiff, as well as its tenant and the handicapped occupants, from establishing a home in a residential district in the Township. Plaintiff seeks declaratory and injunctive relief as well as damages.

### II.    JURISDICTION

2. This action arises under the Constitution and laws of the United States of America.

Plaintiff seeks declaratory, injunctive, and monetary relief to redress the deprivation, under color of state law, of rights secured to them by the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Fourteenth Amendment to the United States Constitution; Title VIII of the Civil Rights Act (also known as the Fair Housing Act), 42 U.S.C. § 3601 et seq., as amended, P.L. 100 430, 102 Stat. 1619 (1988); and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), and 42 U.S.C. § 3613. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

### III. PARTIES

4. Plaintiff, LGB1, LLC, a Pennsylvania limited liability company, (hereinafter "LGB1") is the owner of 717 Russellwood Avenue, located in the Township of Stowe, Allegheny County, being known as Block and Lot No. 72-B-67 (hereinafter the "Russellwood Property").

5. Defendant, the Township, is a political subdivision of the Commonwealth of Pennsylvania. The business address of the Township is 555 Broadway Avenue, McKees Rocks, PA 15136.

6. Defendant, the Zoning Board, has offices at 555 Broadway Avenue, McKees Rocks, PA 15136.

### IV. FACTUAL ALLEGATIONS

**A.  Use of the Subject Property**

7. LGB1, through its management company Russellwood Holdings, LLC, ("Russellwood") leases the Russellwood Property to Community Human Services Corporation ("CHS"). A true and correct copy of the relevant portions of the lease are attached hereto as **Exhibit A**.

8. CHS provides housing at a dwelling located on the Russellwood Property (the "Russellwood Home") for up to but no more than ten (10) individuals who are protected by the Fair Housing Act, 42 U.S.C. § 3601, et seq., (the "Fair Housing Act") and who wish to reside as a single housekeeping unit (collectively the "Residents").

9. Without the housing and services provided by CHS to the Residents at the Russellwood Home, they would be homeless.

10. The housing services provided by CHS are through a program called Home 2020.

11. The Residents are all formerly homeless and are referred to the Home 2020 program by Allegheny County.

12. As part of the program, the Residents are evaluated by Western Psychiatric Hospital to determine if they are appropriate for the Home 2020 program and for housing at CHS run homes such as the Russellwood Home.

13. The Residents are not individuals who would otherwise require inpatient treatment at Western Psychiatric Hospital and are not required to participate in the Home 2020 program. Rather, the Residents take part in the Home 2020 program voluntarily.

14. The Residents suffer from mental or physical impairments that limit their ability to function independently or participate in major life activities and are in need of life skills to learn or relearn how to live independently.

15. CHS operates the Russellwood Home in a family-like manner. There are common living areas, and each resident has his or her own bedroom and they share bathrooms. Household chores are divided, and meals are prepared and shared by the Residents. Within this framework, the Residents live together and make compromises as a single-family unit, no different than any other

group of related or unrelated individuals sharing a home as a single-family unit.

16. The Residents constitute the functional equivalent of a biological family. They form bonds from their joint living experiences similar to those formed by biologically related family members.

17. Residents generally reside at the Russellwood Home for a time period lasting between six (6) months and one (1) year. While residing in the Russellwood Home, the Residents have no other homes or residences.

18. Residents receive their mail at the Russellwood Home and otherwise treat it as their permanent residence while in the Home 2020 program.

19. CHS has community rules for the Residents.

20. CHS staffs the Russellwood Home to provide the support and assistance necessary for each of the Residents to live as independently as possible. Staff may help the Residents with tasks including, but not limited to, the following:

    a. Learning life skills;

    b. Obtaining employment;

    c. Making medical appointments;

    d. Obtaining identification and other documentation to allow them to obtain employment and/or live independently; and

    e. Providing transportation to medical appointments.

21. CHS has at least one staff member present in the Russellwood Home for most of the night, and one or more staff members during the day at all hours when the Residents are at home. In total, there is at least one staff member present in the Russellwood Home for at least twenty-two (22)

hours of the day. The staff members are awake during their shifts and do not live in the Russellwood Home.

22. The Residents, after moving into the Russellwood Home, will continue with their everyday activities from prior to their time residing at the Russellwood Home including, but not limited to, continuing with pre-existing employment and/or hobbies.

23. Once living at the Russellwood Home, the Residents will be able to enjoy the same activities and benefits as other families in the Township and the surrounding area – dining out, going to the movies, working, performing volunteer activities, and going shopping.

24. As members of a residential neighborhood in the Township, the Residents of the Russellwood Home will benefit from contact with non-handicapped neighbors and peers. Similarly, persons without disabilities will benefit from the experience gained through their interaction with their neighbors with handicaps.

25. As a result of the family-like setting and personalized support and assistance at the Russellwood Home, the Residents will have the opportunity to work on life skills and to gain competencies that will allow them to live more independently and to escape the cycle of homelessness caused by their handicaps.

      **B.**    **Defendants' Discriminatory Actions and Ordinance**

26. The Stowe Township Zoning Ordinance (the "Zoning Ordinance") was adopted as Ordinance No. 912 on July 10, 2007.

27. The Zoning Ordinance regulates land use in the Township through a comprehensive plan of land use zoning regulations, establishing, *inter alia*, Residential Districts , R-1, R-2, R-3, Mixed-Use Districts, RC-1, RC-2, Commercial/Industrial Districts, C-1, C-2, G-1, Special Districts,

CD, and Overlay Districts, Airport Overlay. (Zoning Ordinance, Article III, § 675-8)

28. The Russellwood Property is located in the R-1 Single Family Residential District (the "R-1 District").

29. A "Single Family Detached Dwelling" is a permitted use in the R-1 District.

30. A "Single Family Dwelling" is defined by the Zoning Ordinance as "A detached residential dwelling unit, other than a mobile home, occupied by only one <u>family</u>." (Emphasis added).

31. A "Family" is defined by the Zoning Ordinance as "One or more persons occupying a <u>dwelling unit</u> and maintaining a single housekeeping unit." (Emphasis added).

32. A "Dwelling Unit" is defined by the Zoning Ordinance as "Any building or portion thereof constituting a separate independent housekeeping establishment for one or more persons, and containing independent cooking, sanitary and sleeping facilities…"

33. Pursuant to the Zoning Ordinance and the definitions contained therein, CHS has the right to use the Subject Property as a Single-Family Dwelling.

34. The Township is discriminating against LGB1, CHS, and the Residents of the Russellwood Property by requiring LGB1 to submit the form titled "Application for Rental Operating License" as the alleged required Application for an Occupancy Permit and Tenant Registration as allegedly required by Article 456 of the Township of Stowe Code of Ordinances.

35. The Township does not require other residential single family dwelling units to submit an Application for Rental Operating License for an Occupancy Permit and Tenant Registration.

36. The Township is only requiring LGB1 to submit such an application because of the

nature of the Residents who would otherwise be homeless.

37. At all times pertinent hereto, each Resident was a handicapped adult.

38. The Russellwood Home is a single-family dwelling which provides its handicapped residents with the opportunity to live in a safe setting as a single-family unit, with a single or shared bedroom, kitchen facilities, and similar amenities consistent with life in a single-family residence.

39. The Township is prohibiting the handicapped unrelated residents of the Russellwood Home from living together as a single housekeeping unit and in the same manner as a biological family.

40. Without community-based, single-family homes for persons with handicaps, such as the Russellwood Home, the handicapped residents would not be able to live in a dwelling in a single-family residential neighborhood.

41. In an effort to compel LGB1 to file an Application for Rental Operating License with the Township, the Township initiated various legal proceedings against LGB1 and one of its individual owners, including criminal citations, before The Honorable Bruce J. Boni of Pennsylvania Magisterial District Court 05-3-06.

42. By letter dated August 13, 2021, LGB1 submitted an Application for Rental Operating License (hereinafter the "Application") so the Township would be made aware of the use of the Russellwood Property.

43. Ultimately, either prior to the submission of the Application or as a result of the submission of the Application, all legal proceedings initiated by the Township to compel LGB1 to file an Application for Rental Operating License with the Township were either dismissed by Magistrate Boni or withdrawn by the Township.

44. By letter dated August 23, 2021, the Township, acting through its Ordinance Officer, denied the Application for Rental Operating License (hereinafter the "Denial").

45. By letter dated September 21, 2021, LGB1 filed an appeal to the Zoning Board[1] from the Denial (hereinafter the "Zoning Appeal"). A true and correct copy of the Zoning Appeal is attached hereto as **Exhibit B**.

46. On January 20, 2022, the Zoning Board conducted a public hearing (hereinafter the "Hearing") to consider the Zoning Appeal.

47. No representative of the Township attended the Hearing, and no evidence was offered by the Township to support the Denial.

48. Not a single person attended the Hearing to testify in opposition to the Zoning Appeal.

49. At the conclusion of the Hearing, and after an executive session, the Zoning Board voted unanimously to deny the Zoning Appeal.

50. By email dated March 4, 2022, the Solicitor for the Zoning Board served a written Decision of the Zoning Board[2] also dated March 4, 2022, to counsel for LGB1 (hereinafter the "Decision"). A true and correct copy of the Decision is attached hereto as **Exhibit C**.

51. By email dated March 18, 2022, the Solicitor for the Zoning Board served Findings of Fact and Conclusions of Law issued by the Zoning Board[3] also dated March 18, 2022, to counsel for

---

[1] Even though the Pennsylvania Municipalities Planning Code, 53 P.S. § 10901, requires a Township such as the Township of Stowe to have a Zoning Hearing Board, and Section 675-72 of the Zoning Ordinance identifies the Zoning Board as the "Zoning Hearing Board," the Township Appeal form identifies the Zoning Board as the "Zoning Board of Adjustment."
[2] In the Decision, the Zoning Board refers to itself as the "Zoning Board of Adjustment."
[3] In the Findings and Conclusions, the Zoning Board refers to itself as the "Zoning Board of Adjustment."

LGB1 (hereinafter the "Findings and Conclusions"). A true and correct copy of the Findings and Conclusions is attached hereto as **Exhibit D**.

52. On April 1, 2022, LGB1 filed a Notice of Appeal with the Department of Court Records of the Civil Division of the Court of Common Pleas of Allegheny County, Pennsylvania, appealing the Decision (the "Zoning Appeal"). A true and correct copy of the Notice of Appeal is attached hereto as **Exhibit E**.

53. The Zoning Appeal is currently pending in the Court of Common Pleas of Allegheny County.

54. The Township and the Zoning Board have imposed requirements on LGB1 for use of the Russellwood Property more onerous than those imposed on unrelated individuals living as a family who do not have handicaps.

55. The Township and the Zoning Board have denied LGB1 an occupancy permit when such a permit would be granted to related or unrelated individuals living as a single-family unit in the R-1 District who do not have handicaps.

56. Property owners renting to related or unrelated individuals, without handicaps, living as a single-family unit in the R-1 District are not subjected to criminal complaints and enforcement notices.

57. Under similar circumstances, the Township and the Zoning Board would never find that a property being rented to unrelated individuals without handicaps constituted a group home.

58. Thus, it is clear that the Township and Zoning Board are discriminating against the Residents and LGB1's intended use of the Russellwood Property on the basis of the handicaps of the Residents.

## V.     CAUSES OF ACTION

### *FIRST CAUSE OF ACTION*

59.     The policies, Ordinances, practices, and actions of the Township and the Zoning Board, as described above and incorporated herein, violate LGB1's rights by discriminating against it because of the handicaps of the Residents, in violation of the Fair Housing Amendments Act, 42 U.S.C. § 3604, et seq.

### *SECOND CAUSE OF ACTION*

60.     The policies, Ordinances, practices, and actions of the Township and the Zoning Board, as described above and incorporated herein, violate LGB1's rights as protected by the Equal Protection Clause of the Fourteenth Amendment to the United State Constitution and 42 U.S.C. § 1983, because they discriminate against LGB1 and impose burdens on LGB1 that are not imposed on other property owners on the basis of the handicaps of the Residents, and are not rationally related to a legitimate governmental purpose.

### *THIRD CAUSE OF ACTION*

61.     The policies, Ordinances, practices, and actions of the Township and the Zoning Board, as described above and incorporated herein, violate LGB1's rights as protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because they are arbitrary, capricious, and unreasonable; do not promote the health, safety, and welfare interests of the Township; and unlawfully interfere with LGB1's liberty and property rights.

### *FOURTH CAUSE OF ACTION*

62.     The policies, Ordinances, practices, and actions of the Township and the Zoning Board, as described above and incorporated herein, violate LGB1's rights by discriminating against

it because of the disabilities of the Residents in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; by refusing to allow LGB1 to provide the Russellwood Property to the Residents and other persons with disabilities to reside in residential a district of the Township; and by imposing burdens on LGB1 and its Residents that are not imposed on property owners providing housing to persons without disabilities.

## VI. RELIEF

63. WHEREFORE, Plaintiff, LGB1, LLC, respectfully requests that this Court award all appropriate declaratory and injunctive relief, damages, and all reasonable attorney fees, litigation expenses, and costs.

Respectfully submitted,

THOMAS H. AYOOB III & ASSOCIATES, LLC

By:   /s/ Thomas H. Ayoob, III
     Thomas H. Ayoob, III, Esquire
     Pa. I.D. No. 63571
     Matthew Junker, Esquire
     Pa. I.D. No. 312356

     710 Fifth Avenue, Suite 2000
     Pittsburgh, PA 15219
     (412) 208-3000
     tom@pioneerls.com

     Counsel for Plaintiff,
     LGB1, LLC